IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MONICA ROBINSON, | * | |
| Plaintiff, | * | CIVIL ACTION |
| vs. | * | FILE NO. 3:12CV00020-CAR |
| HART COUNTY, GEORGIA, SHERIFF MIKE CLEVELAND, and ROBERT J. WILLIAMS, MD, | * * | |
| Defendants. | * | |

**BENCH BRIEF**

Defendant Williams is presenting this Brief to the Court to address the question of whether Plaintiff's Count for Negligent Supervision should be allowed to go forward. As the Court correctly noted in the conference call, the law on this issue changed with the Supreme Court's decision in Herrington v. Gaulden, et al., 294 Ga. 285 (2013). The Herrington case overturned the Court of Appeals decision in Gaulden v. Green, 319 Ga. App. 84 (2012). The Supreme Court decision in Herrington resulted from the Supreme Court issuing writ of certiorari on the Gaulden v. Green decision.

In Gaulden v. Green, the Court of Appeals held that, "By agreeing to take on specific supervisory responsibilities over the emergency room staff with respect to

their training, Dr. Herrington undertook to render services which he should have recognized as necessary for the protection of emergency room patients." 319 Ga. App. at 91.  The Court of Appeals relied upon some of the specific responsibilities assigned to Dr. Herrington as medical director for the emergency department.  Similar to the facts of this case, Plaintiff in Gaulden v. Green relied upon the fact that there were policies and procedures that assigned responsibilities for supervision and training to Dr. Herrington.  Id. at 88.  Further, Dr. Herrington admitted that he assisted in assuring that the nurses were knowledgeable about pertinent policies and procedures.  Id. at 89.  Dr. Herrington would provide direction to the nursing staff if they had any issues with a specific process used in the emergency department and would discuss such matters with the nursing director.  Id.

Despite these findings of fact by the Court of Appeals, the Supreme Court held that, "Dr. Herrington had no responsibility or authority as medical director to control or direct 'the manner and method' of care rendered to Gaulden by her treating physician and nurse." Herrington v. Gaulden, 294 Ga. 285, 287 (2013).  The Supreme Court did recognize that there was not a physician-patient relationship in Herrington.  Id. at 286.  However, contrary to Plaintiff's assertion, this fact is not dispositive of this issue.

In reaching its decision, the Supreme Court focused on whether the medical director controlled the "manner and method" of care rendered to the patient. Although Dr. Williams had tasks listed in the policy and procedure manual, those tasks did not allow him to control the manner and method of care rendered to Ms. Robinson. From all the testimony in the case, it is clear that Bruce Bailey and IDHS controlled the method and manner by which patients were treated at the detention center. IDHS made the ultimate decision of whether Dr. Williams was contacted regarding a particular patient. Further, IDHS determined the frequency by which its medical staff went to the facility to check on patients. The real question for the jury to decide in this case is whether Dr. Williams had a responsibility to Ms. Robinson to provide greater care than he did. Plaintiff should not be allowed to confuse this issue by trying to attribute the failings of IDHS, an independent party, to Dr. Williams. Accordingly, Plaintiff's claims for negligent supervision and training should be eliminated from the jury consideration.

Respectfully submitted,

s/ **JOHN A. DICKERSON**
Bar No. 220800
E-mail: jad@mrdelaw.com

s/ **AUSTIN L. PERRY**
Bar No. 577007
E-mail: alp@mrdelaw.com
Attorneys for Defendant Robert J. Williams, M.D.

McClure, Ramsay, Dickerson & Escoe, LLP
P. O. Drawer 1408
Toccoa, Georgia  30577
(706) 886-3178
Fax:  (706) 886-1150

**I, John A. Dickerson, certify that the originally executed document contains the signatures of all filers indicated herein and therefore represents consent for filing of this document.**

**I, John A. Dickerson, further certify, pursuant to Local Rule 7.1(D), that the foregoing document has been prepared with a font and point selection approved in Local Rule 5.1(B).**

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Mr. Craig T. Jones
> The Orlando Firm
> Decatur Court, Suite 400
> 315 West Ponce De Leon Avenue
> Decatur, Georgia 30030
>
> Mr. Douglas C. McKillip
> The McKillip Law Firm, LLC
> 648 South Milledge Avenue
> Athens, Georgia 30605
>
> Mr. Andrew H. Marshall
> Begnaud & Marshall LLP
> P. O. Box 8085
> 1091-B Founder's Boulevard
> Athens, Georgia 30603-8085
>
> Mr. Walter J. Gordon
> Gordon Law Firm
> P. O. Box 870
> Hartwell, Georgia 30643
>
> **s/ JOHN A. DICKERSON**
> Bar No. 220800
> E-mail: jad@mrdelaw.com
>
> McClure, Ramsay, Dickerson & Escoe, LLP
> P. O. Drawer 1408
> Toccoa, Georgia 30577
> (706) 886-3178
> Fax: (706) 886-1150