IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MONICA ROBINSON, | * | CASE NUMBER: |
| | * | 3:12 CV 20 - CAR |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| ROBERT J. WILLIAMS, M.D., | * | |
| | * | |
| Defendant. | * | |

## **PLAINTIFF'S TRIAL BRIEF**

COMES NOW Plaintiff Monica Robinson and hereby calls the Court's attention to the case of *Byrd v. Med. Ctr. of Cent. Ga.*, 258 Ga. App. 286 (2002), which holds as follows:

> The plaintiff contends the trial court erred in excluding from evidence the service manual used by the surgical department of MCCG. He argues the manual was directly relevant to the jury's determination of the primary issue in this medical malpractice case, to wit: whether the defendants negligently failed to follow the standard of care prevailing in the medical profession generally under the same or similar circumstances. We agree and reverse.

258 Ga. App. at 287. Accordingly, it would be reversible error to exclude the IDHS policy and procedure manual (Exhibit P-3) that IDHS and Dr. Williams were operating under. The protocols contained therein are relevant to the issue of the standard of care, and whether those protocols were adhered to or not is relevant to

the issue of whether there was a deviation from the standard of care – as well as the apportionment of fault between Williams and IDHS.

Plaintiff also responds to the argument in Defendant's Bench Brief that "Bruce Bailey and IDHS controlled the method and manner by which patients were treated at the detention center" by pointing to the following language in the contract between IDHS and Hart County: "IDHS shall arrange for medical services for any inmate who, **in the opinion of the Medical Director**, requires such services." (Exhibit J-10, p. 2). Since Dr. Williams was the medical director, and since the contract itself put the responsibility upon him to decide which patients need medical services, the jury could certainly find that Dr. Williams acted accordingly. That is also consistent with the protocols contained in the policy and procedure manual. (Exhibit P-3). Most importantly, it is consistent with Bruce Bailey's testimony that Dr. Williams was part of the decision *not* to have Monica seen by a doctor on July 23, July 24 and August 10.[1]

---

[1] According to Bailey, he and Dr. Williams had several conversations in which they discussed Plaintiff's history of drug use, recent hospitalization, and staph infection. (B. Bailey Dep. 10/09/12 at 109:9, 139:7-10, 140:14-18). Dr. Williams inquired whether Plaintiff had any open sores as a result of the staph infection. (*Id.* at 139:9-10). They discussed the possibility and procedure for drawing blood to have sent out for lab tests in conjunction with the staph infection concerns. (*Id.* at 139:14 to 140:5). Instead of ordering lab work done, or having blood drawn, Dr. Williams prescribed Ultram and Flexeril for Plaintiff, which are both analgesic drugs. (*Id.* at 101:25). Upon a later consultation, Defendant Williams was informed

This is not the same situation as in *Herrington v. Gaulden*, 294 Ga. 285, 287 (2013), where the Supreme Court held that "Dr. Herrington had no responsibility or authority as medical director **to control or direct the manner and method of care rendered to Gaulden by her treating physician** and nurse." (emphasis added). Unlike Dr. Herrington, Dr. Williams *was* the treating physician, because he was consulting with a nurse about Plaintiff's treatment, and the nurse had no independent authority to treat a patient without physician supervision. Dr. Williams was Nurse Bailey's supervising physician and was involved in Plaintiff's care via consultation with Bailey, unlike the medical director in *Herrington* who was simply providing administrative oversight over a treating physician without himself being involved in treatment decisions.

The *Herrington* case does not preclude Plaintiff from arguing that Dr. Williams was negligent in his supervision of the nurse with whom he was consulting and the paramedics who were carrying out his orders, because that duty arose from his physician-patient relationship with Plaintiff. Yes, he also owed supervisory duties as a medical director, and the fact that those duties are spelled out in a

---

that Plaintiff had lost the ability to walk or urinate, and was experiencing numbness in her legs "like [she] was having an epidural." (*Id.* at 113:21-115:7). Upon hearing that Plaintiff could neither walk, nor urinate, and that her legs were numb, Defendant Williams altered Plaintiff's medication from Flexeril to Soma,

contract and policy manual does make it easier for Plaintiff to prove her case, but those duties were also owed under the standard of care to any patient whose care he was participating in – particularly since he was the only physician involved and the care was being provided by paramedical subordinates requiring physician oversight. Accordingly, Plaintiff should be entitled to rely upon the contract (J-3), the policy manual (P-10), and expert testimony about the standard of care to establish that Dr. Williams had a duty to supervise the IDHS nurse and paramedics who were consulting him about Plaintiff's medical condition.

Respectfully submitted this 28th day of July, 2014.

/s/ Craig T. Jones
_____
CRAIG T. JONES
Attorney for Plaintiff
Georgia Bar No. 399476

THE ORLANDO FIRM, P.C.
Decatur Court, Suite 400
315 West Ponce de Leon Avenue
Decatur, GA  30030
(404) 373-1800
craig@orlandofirm.com

---

another analgesic, and ordered that Plaintiff be monitored. (*Id.* at 112:5, 112:25, 113:12-120:8).

                                                       Douglas C. McKillip
                                                       Attorney for Plaintiff
                                                       Georgia Bar No. 495422

MCKILLIP LAW FIRM, LLC
1022 Twelve Oaks Place, Suite 102
Watkinsville, GA 30677
(706) 546-6279
doug@dougmckillip.com

## CERTIFICATE OF SERVICE

I certify that on this day, I served the foregoing **PLAINTIFF'S TRIAL BRIEF** upon opposing counsel via the Court's electronic filing system to the following:

>John A. Dickerson, Esq.
>Austin Perry, Esq.
>McClure, Ramsay, Dickerson & Escoe, LLP
>P.O. Drawer 1408
>Toccoa, Georgia 30577

This 2nd day of August, 2014.

*/s/ Craig T. Jones*
_____
CRAIG T. JONES
Ga. Bar No. 399476
Attorney for Plaintiff