IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MONICA ROBINSON,                    :
                                    :
            Plaintiff,              :        Civil Action
        v.                          :        No. 3:12-CV-20 (CAR)
                                    :
                                    :
ROBERT J. WILLIAMS, M.D.,           :
                                    :
            Defendant.              :

## COURT'S INSTRUCTIONS TO THE JURY

*Members of the Jury:*

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions—what we call your deliberations.

## Instruction No. 1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

## Instruction No. 2

As I said before, you must consider only the evidence that I have admitted in the case.   Evidence includes the testimony of witnesses and the exhibits admitted.   But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.   Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.   You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.   There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Instruction No. 3

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Instruction No. 4

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Instruction No. 5

As I explained earlier during the trial, when scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## Instruction No. 6

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

## Instruction No. 7

The case before you is one in which the Plaintiff must prove by a preponderance of the evidence that the medical negligence, or malpractice, of the Defendant, if any, was a proximate cause of the injuries to the Plaintiff.

In order to prevail on her claim, the Plaintiff must show (1) a duty created by a patient-physician relationship between the Plaintiff and the Defendant; (2) a breach of that duty; and (3) the breach proximately caused her injury.

## Instruction No. 8

Before a plaintiff may recover on a medical malpractice claim, the plaintiff must show that a patient-physician relationship existed between them.   This relationship which exists between physician and patient is a result of a consensual transaction that establishes the legal duty to conform to a standard of conduct.

The relationship is considered consensual when the patient knowingly seeks the assistance of the physician and the physician knowingly accepts her as a patient.   Such consent may also be implied when a physician has done something, such as participate in the patient's diagnosis and treatment, which supports the implication that the physician consented to a patient-physician relationship.

## Instruction No. 9

A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of the profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be an act for which a recovery may be had.

This standard, when applied to the facts and circumstances of any particular case, must be of such degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally.

If a physician in the treatment and care of a patient should use that degree of care and skill ordinarily employed by the profession generally under similar conditions and like surrounding circumstances, then the physician would not be negligent; therefore, there could be no finding of malpractice. If, on the other hand, the doctor should fail to use such degree of care and skill, the doctor would be negligent, and if injury resulted because of such failure, the doctor would be liable for such injury as a result of malpractice.

The presumption in such cases is that the services were performed in an ordinarily skillful manner. The person claiming an injury may overcome this

legal presumption by introducing evidence that the physician (or other medical professionals) did not treat the patient in an ordinarily skillful manner.  Expert testimony is usually required to overcome the presumption, and the burden is on the one claiming injury to show a lack of due care and skill by a preponderance of the evidence.

## Instruction No. 10

If the Plaintiff shows by a preponderance of the evidence that the Defendant failed to act within the standard of care, the Plaintiff must then show that the Defendant's negligence was the proximate cause of her injury. In order for the Plaintiff to show that the Defendant's alleged negligence was the proximate cause of her injury, the Plaintiff must present expert testimony. An expert's opinion on the issue of whether the Defendant's alleged negligence caused the Plaintiff's injury cannot be based on speculation or possibility. It must be based on reasonable medical probability or reasonable medical certainty. The terms "reasonable medical probability" and "reasonable medical certainty" are the equivalent of a "preponderance of the evidence."

If you find that the expert's testimony regarding causation is not based on reasonable medical probability or reasonable medical certainty, then the Plaintiff has not proved that the Plaintiff's injury was proximately caused by the Defendant's alleged negligence, and you would return a verdict for the Defendant.

## Instruction No. 11

A Defendant is not responsible for, nor would the Plaintiff be entitled to recover damages from such Defendant for any injuries or ailments that the Plaintiff may have which were not resulting from the Defendant's acts.

## Instruction No. 12

A physician is not required to guarantee the results of treatment to a patient. The physician is only required to possess and exercise that degree of skill and learning ordinarily possessed and exercised under similar circumstances by the members of his profession in good standing generally, and to use ordinary reasonable care and diligence and his best judgment in the application of his skill to a case. If a doctor or physician possesses the qualifications that I have enumerated above, and uses ordinary and reasonable care and diligence in his best judgment in the application of his skill to the case, a doctor is not liable merely because the efforts in affecting a cure did not bring about the desired result.

## Instruction No. 13

Moreover, in a medical malpractice action, a defendant cannot be found negligent on the basis of an assessment of a patient's condition that only later, in hindsight, proves to be incorrect as long as the initial assessment was made in accordance with reasonable standards of medical care.

## Instruction No. 14

The Plaintiff's antecedent negligence – that is, anything that the Plaintiff might have done to cause her own injury before being treated by the Defendant medical provider – does not absolve the Defendant of responsibility for medical malpractice. The fact that the Plaintiff initially suffered an injury as a result of her own negligence would not be a defense for a doctor who subsequently treats the patient for the injury and fails to exercise the standard of care.

## Instruction No. 15

If you find by a preponderance of the evidence that the Defendant was negligent so as to be liable to the Plaintiff, you must then consider whether the IDHS staff was also negligent in some degree, thereby contributing to the Plaintiff's injury.

If you find that the IDHS staff was negligent and this negligence was a proximate cause of the Plaintiff's injuries, you should then determine the percentage of fault of both the Defendant and the IDHS staff and fill in the percentage of fault attributable to each on the verdict form I will explain in a moment. The Court will apportion the Plaintiff's total damages you award by the percentages that you insert. This apportionment of damages will represent the liability of each person or entity against whom the damages are awarded.

## Instruction No. 16

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the monetary amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiff's damages – no more, no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of money – they also cover both the mental and physical aspects of the injury. The Plaintiff does not have to introduce evidence of a monetary value for intangible things like physical pain.  You must determine what amount will fairly compensate her for those claims.  There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that the Plaintiff has proved them by a preponderance of the evidence, and no others:

(a) Medical and hospital expenses;

(b) Physical injuries, including ill health, physical pain and suffering, disability, disfigurement, discomfort, and any such physical harm that the Plaintiff is reasonably certain to experience in the future, including limitations on her ability to work; and

(c) Past and future mental pain and suffering.

## Instruction No. 17

In all cases, necessary expenses resulting from the injury are a legitimate item of damages.

As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

## Instruction No. 18

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors.  Questions of whether, how much, and how long the Plaintiff has suffered or will suffer are for you to decide.

## Instruction No. 19

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.  Anxiety, shock, and worry are examples of what might be included under mental pain and suffering, and loss of capacity to work or labor, separately from earnings, may be considered as an item causing mental suffering.

## Instruction No. 20

If you find that the Plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe the Plaintiff will endure.  In making such award, your standard should be your enlightened conscience as impartial jurors.  You would be entitled to take into consideration the fact that the Plaintiff is receiving a present cash award for damages not yet suffered.

## Instruction No. 21

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Instruction No. 22

You've been permitted to take notes during the trial.  Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## Instruction No. 23

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

## Instruction No. 24

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.